PER CURIAM.
Robert de la Rosa was issued a life insurance policy for $20,000 from appellant State Farm Life Insurance Company on December 12, 1972. De la Rosa died in an auto accident on December 21, 1977. State Farm denied a claim for policy benefits made by his parents, beneficiaries, on the basis that the policy lapsed due to nonpayment of the premiums. All of the accumulated dividends had been applied to the policy payments in 1977 to the extent that the 31 day grace period provided for in the policy began to run on November 12, 1977. The pertinent dividend provision of the policy states:
“Annual Dividends.
Annual dividends such as the company may apportion shall be payable at the end of each policy year after the first while this policy is in force other than as extended term insurance.”
On December 12, 1977, de la Rosa was entitled to a dividend if the policy was in force and all premiums to that date are paid. The dividend of $24.00, if applied to premium payment, would have carried the policy through the date of death. The policy would have lapsed on November 12, 1977 as a premium of $19.30 was then due, but for the provision of the grace period.
“Grace Period
A grace period of thirty-one days shall be allowed following the due date for the payment, without interest, of any premium after the first. During such grace period this policy shall remain in force but if a premium due on such date is not paid before the end of such grace period this policy shall lapse except as provided in Credits to Avoid Lapse and if applicable, Automatic Premium Loan.”
We hold that the policy was “in full force” during the grace period and that the dividend of December 12,1977, should have been applied to payment of the premium in default. The policy provides:

Credit To Avoid Lapse.

Any dividend credits as defined in the Dividend Provisions of this policy shall be applied toward the payment of any premium unpaid at the end of the grace period . ...
See Kelly v. John Hancock Mutual Life Insurance Co., 136 F.Supp. 539 (F.D.N.Y. 1955).
Appellant contended that the insured was barred from entitlement to the dividend because the extended term coverage was in effect from November 12, 1977. In this case, the extended term coverage as provided in the policy should have been issued at the end of any grace period if it became appropriate, rather than at the beginning in accordance with the policy language:
“This provision shall be automatically applied if any premium or balance thereof remains unpaid at the end of the grace period after application of any dividend credits in accordance with the Credits To Avoid Lapse provisions and if applicable, the Automatice Premium Loan Provision.”
The evidence reflects that the company triggered the extended term provision of *1059 the policy on November 12,1977, instead of at the end of the grace period. The effect of the premature triggering of the extended term provision would be to preclude use of the dividends for payment of premiums. We hold this was an improper construction of the policy.
The policy in this case as written by the Company is more favorable to the insured than the language of Chapter 627, Florida Statutes. The statute is therefore inapplicable to this case.
In view of the foregoing the judgment appealed from is affirmed.
AFFIRMED.
DOWNEY and HURLEY, JJ., and SHARP, G. KENDALL, Associate Judge, concur.